**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FIROOZ FAIZAN,

      Petitioner,

v.                                No. 2:26-cv-00350-DHU-GBW

KRISTI NOEM, Secretary of Homeland Security;
TODD LYONS, Acting Director, U.S. Immigration
and Customs Enforcement; MARY DE ANDA-YBARRA,
Director, El Paso Field Office; PAMELA BONDI, Attorney
General, U.S. Department of Justice; and DORA CASTRO,
Warden, Otero County Processing Center,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Firooz Faizan's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Afghanistan who entered the United States without inspection in November 2023. *Id.* at 11. Shortly after his entry, Petitioner was encountered by immigration officials, briefly taken into custody, and released thereafter on his own recognizance. *Id.* at 12. On November 30, 2023, the U.S. Department of Homeland Security issued Petitioner a Notice to Appear, initiating removal proceedings against him. *Id.* The Notice to Appear charges him as "an alien present in the United States who has not been admitted or paroled." Doc. 1-1 at 1.

Following his release, Petitioner established a life with family members in Houston, Texas. Doc. 1 at 12. He also timely filed an Application for Asylum, Withholding of Removal, and for Withholding Under the Convention Against Torture ("CAT"), and attended his immigration court

hearings and scheduled Immigration and Customs Enforcement ("ICE") check-ins. *Id.* He was issued an Employment Authorization Document, better known as a work permit, and worked as a truck driver. *Id.*

On October 14, 2025, Petitioner encountered a U.S. Customs and Border Protection ("CBP") checkpoint during a routine trip and was re-detained. *Id.* CBP officials informed Petitioner that he had missed a scheduled ICE check-in; Petitioner attempted to explain that he had rescheduled that appointment and showed a copy of his new appointment notice. *Id.* Nevertheless, Petitioner was subsequently transferred to ICE custody. *Id.* He was not provided with a pre-deprivation hearing. *See generally* Docs. 1, 8. Petitioner was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. Doc. 1 at 12.

Petitioner subsequently filed the instant Petition, where he argues that his re-detention without procedural process violates the Due Process Clause of the Fifth Amendment. *Id.* at 15. He also argues that his continued detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Due Process Clause. *Id.* at 13-14. Petitioner specifically alleges that he is subject to 8 U.S.C. § 1226(a) and, therefore, entitled to a bond hearing, and that Respondents failure to provide a bond hearing also violates the Due Process Clause. *Id.* at 14. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to provide him with a bond hearing within seven (7) days. *Id.* at 16. Petitioner also requests that the Court award him attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.*

Respondents' concede that Petitioner entered the United States without inspection in November 2023, was detained by immigration officials after his entry, and was then released on his own recognizance. Doc. 8 at 1. Nevertheless, Respondents attempt to conflate Petitioner's

release on his recognizance with temporary parole under 8 U.S.C. § 1182(d)(5)(A); they also argue that Petitioner is subject to 8 U.S.C. § 1225. *Id.* at 7-8.

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in 2011, was detained within the United States, and was subsequently released on his own recognizance for over twenty-three (23) years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide him with a pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693,

3

128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that due process requires Petitioner's release, the Court need not make a determination regarding whether Petitioner's detention is governed by § 1225 or § 1226. However, it is worth noting that in *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. ___F.4th___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in 2011, was detained by immigration officials in the country and subsequently released on his own recognizance, and re-detained over twenty-three (23) years later while still residing in the country. Petitioner's detention is, therefore, governed by § 1226(a).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Friday, July 17, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

5